THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VÍCTOR FEBRES COLÓN ET AL., Defendants and Appellants.

No. CR-66-317.     Decided June 29, 1967.

*Julio Suárez Garriga* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

## JUDGMENT

Appellants, Víctor Febres Colón and Rafael Ruiz Cruz, were accused and convicted of the violation of § 4 of the Bolita Act.

On appeal they assign that the trial court erred (1) in not dismissing the information, since they do not charge a public offense, and (2) in the weighing of the evidence.

We conclude that the court incurred the first error charged and, therefore, appellants' conviction cannot be upheld. We need not discuss the second error assigned.

Both informations allege that on a certain date, in Santurce, P.R., the defendants ". . . had in their possession and control *material connected with the unlawful game of bolita and/or bolipool.*" (Italics ours.) It is obvious that this information does not state facts constituting the offense established in § 4 of the Bolita Act (33 L.P.R.A. § 1250), because it does not allege that said material may be utilized or used in the aforesaid unlawful game and that it was connected with the practice thereof. *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967).

In view of the foregoing, the judgments rendered in this case by the Superior Court, San Juan Part, on April 20, 1964, will be reversed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice. Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages, state that in addition they agree with the concurring opinion delivered by Mr. Justice Pérez Pimentel. Mr. Justice Santana Becerra dissented on the

grounds stated in his dissenting opinion, in which Mr. Justice Rigau concurs. The Chief Justice did not participate herein.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*

—O—

MR. JUSTICE PÉREZ PIMENTEL, with whom MR. JUSTICE HERNÁNDEZ MATOS, MR. JUSTICE BLANCO LUGO, MR. JUSTICE DÁVILA, and MR. JUSTICE RAMÍREZ BAGES concur, concurring.

San Juan, Puerto Rico, June 29, 1967

The informations charge appellants that "they had in their possession and control material connected with the unlawful game of bolita and/or bolipool."

In the case of *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967), we held that a similar information did not charge a violation of § 4 of the Bolita Act (33 L.P.R.A. § 1250). To that effect we said in said case:

"Section 4 of the *Bolita* Act, which it is alleged [in the information] appellant violated provides in its pertinent part:

'Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete,* ticket, notebook, list of numbers or letters, slips, or implements which can be used for the unlawful games of *"bolita," "bolipool,"* combinations connected with the "pools" or *bancas* of the race tracks of Puerto Rico, and clandestine lotteries, and any person who possesses, sells, or in any way transports these or any other similar ones which may be utilized or used in said unlawful games or connected with the practice thereof, shall be guilty of a public offense and shall be im-

mediately arrested and the case shall be brought without delay before the prosecuting attorney having jurisdiction on the matter, who shall file the proper information.'

"Although in charging an offense the information need not use the exact words of the law, it should, however, contain a statement of the facts constituting the offense charged. Rule 35 of the Rules of Criminal Procedure.

"For the purpose of giving a reasonable construction to said § 4 and save its constitutionality we decided in *People* v. *Mantilla,* 71 P.R.R. 35 (1950), expressly reaffirming what we had said in the case of *People* v. *De Jesús,* 70 P.R.R. 36 (1949), that the conjunction 'or' should be read as 'and' in order that the possession of material specified in the law which material is susceptible of innocent use shall not under said section constitute an offense if furthermore said material was not connected with the practice of illegal games mentioned therein. Therefore, the information charging the violation of § 4 should allege that the material in the possession of defendant *can be utilized or used* in said unlawful games as well as if said material was connected with the practice thereof. In other words, the information must contain the allegation that the material could be utilized or used in the unlawful games of *bolita, bolipool,* etc., and that said material is connected with the practice of said unlawful games."

The dissenting opinion of my colleague, Mr. Justice Santana Becerra, sustains that the plain allegation that the defendants "had in their possession and control material connected with the unlawful game of bolita and/or bolipool," is sufficient to charge the offense prescribed in § 4 of the Bolita Act. He maintains that the information is sufficient if the language of the statute is followed. It is generally so, but in this case part of the language of the statute was used and part was omitted, which part is one of the essential elements of the offense prescribed in said § 4, if we do ratify the decisions in *People* v. *De Jesús,* 70 P.R.R. 36 (1949) and *People* v. *Mantilla,* 71 P.R.R. 35 (1950), in the sense that the conjunction "or" may be read as "and" in order that the possession of such material as is specified in § 4, or imple-

ments "which can be used for the unlawful games of '*bolita*,' '*bolipool*,' . . . or any other similar ones which may be utilized or used in said unlawful games . . ." do not constitute offense.

The information in this case, as in *Trinidad Fernández*, partly uses the words of the statute which follow the conjunction "or," that is, that they had in their possession and control material connected with the unlawful game of bolita and/or bolipool, but it does not use the words of the statute which precede the conjunction "or" because it omits the allegation that said material can be used for the unlawful game of bolita and/or bolipool and may be utilized or used in said unlawful games.

According to the dissenting opinion, these allegations are unnecessary because the defendant may infer that they were made in the information because it may be presumed that material connected with the game of bolita and/or bolipool may be used and utilized in said games.

The dissenting opinion rejects the probability that the material connected with the game of bolita and/or bolipool is not material which could be used and utilized in said unlawful game, such as tickets or lists of numbers of past drawings, or material partially destroyed or useless for the game, or which by any other reason it cannot be used anymore in said unlawful game. The dissenting opinion answers this by saying that "the mechanism prescribed in Rules 38 and 64(p) of the Rules of Criminal Procedure takes care of the situation in which the possession of material charged in connection with the unlawful game is of material not susceptible of said game, by requiring the prosecuting attorney to present a bill of particulars. If the bill of particulars, which the Rules consider as an integral or complementary part of an information, reveals that the material possessed is susceptible of innocent use, the information is unquestionably dismissed under the provision of Rule 64(p)."

Pursuant to Rule 38 (a) of the Rules of Criminal Procedure,[1] the court may allow at any time the amendments needed to cure the defects of form which the information, complaint, or bill of particulars may have, provided they do not prejudice the substantial rights of the defendant,[2] and if no amendments are made, once the verdict of the jury is returned or the judgment entered, said defect, imperfection, or omission, shall be deemed cured.

If the defect or omission were of substance, pursuant to Rule 38 (b),[3] the court may permit the necessary amendment to cure it at any time before the verdict of guilty or not guilty. If the defect is in the information the defendant shall have a right to a new arraignment.

This rule does not impose on the defendant the obligation to demand a bill of particulars where the defect in the information or complaint consists in the failure to allege one or more of the integrating elements of the offense charged. In such a case defendant's remedy would be the motion to dismiss the information prescribed in Rule 64. In

---

[1] Rule 38 (a) provides:

"(a) *Removal of defects of form.* If the information, complaint or bill of particulars has any defect, imperfection or omission of form mentioned in Rule 36, the court may allow amendments needed to cure it. If no amendments are made, once the verdict of the jury is returned or the judgment entered, said defect, imperfection or omission shall be deemed cured."

[2] Rule 36 provides:

"An information or complaint shall not be insufficient, nor shall the trial, judgment or any other prosecution based on the said information or complaint be affected by reason of any defect, imperfection or omission of form which does not tend to prejudice the substantial rights of the defendant."

[3] Rule 38 (b) provides:

"(b) *Removal of defect of substance.* If the information, or complaint has a substantial defect or omission, the court wherein the proceeding was originated may permit the necessary amendments to cure said defect or omission at any time before the verdict of guilty or not guilty. If the defect is in the information, the defendant shall have a right to a new arraignment. If the defect is in the complaint, the defendant shall be entitled to have the trial five days after the amendment is made."

that event the court may order the dismissal of the information or order that the substantial defect be cured and a new arraignment made.

The object of a bill of particulars is not to amend an information or complaint which has a substantial defect, omission or imperfection. The mechanism prescribed by the Rules of Criminal Procedure to cure substantial defects in the information or complaint is not to oblige the defendant to request a bill of particulars, or to authorize the prosecuting attorney to serve defendant with said bill of particulars, but rather that the substantial defect be cured by means of the amendment of the information. Only where there is a defect of form, the Rules allow its cure by means of the bill of particulars. Hence, Rule 38 (a) mentions the "bill of particulars" in stating "If the information, complaint, or bill of particulars has any defect, imperfection or omission of form mentioned in Rule 36, the court may allow amendments needed to cure it. [Etc.]." In subdivision (b) of said Rule 38, which provides for the amendment of informations or complaints having substantial defects, the bill of particulars is not mentioned as it is done in subdivision (a).

This is so because the object of the bill of particulars is to provide the defendant, at his request, with additional information under a good information or complaint, for the purpose of preparing his defense, or to protect himself from a second conviction for the same offense.

See annotation in 5 A.L.R.2d 444.

In the *Trinidad Fernández* case we cited *De Jesús* and *Mantilla* as case law on the construction of § 4 of the Bolita Act, to the effect that the conjunction "or" used in said section should be read as "and." Hence, our conclusion in said *Trinidad Fernández* case that under § 4 so construed the information should allege that the material or other implements can be used or utilized in the unlawful game of bolita and/or bolipool, as well as that said material or implements were

connected with the practice thereof.

If according to the dissenting opinion it is sufficient that an information only charge that the material was connected with the unlawful game of bolita and/or bolipool, it would also be sufficient that an information only charge that defendant had in his possession and control material which could be used or utilized in said games, since in sustaining the sufficiency of the first information—possession of material connected with the unlawful game of bolita and/or bolipool —it.is being sustained that the conjunction "or" of § 4 should continue to be read as "or" and not as "and" as already decided by this Court in *De Jesús* and *Mantilla, supra.*

It is argued in the dissenting opinion, copying certain parts from the opinion in *Mantilla,* that "what we required in *Mantilla* was evidence, prior to a conviction, that the material possessed was connected with the *actual operation* of the unlawful game. In other words, that if the evidence only presented material susceptible of innocent use, conviction could not be had."

All this argument relating to the evidence, as well as the preceding one, led the court to conclude in the *Mantilla* case that as § 4 required an additional showing that the materials involved which could be utilized or used in the unlawful games of bolita and/or bolipool were actually connected with the bolita game, the constitutional problem of § 4 vanishes.

In the *Mantilla* case the only attack against the sufficiency of the information was based on the fact that the material that defendant could use and used in the bolita game was not specified. It was decided that the word "material" includes the implements specifically named in § 4, and that if the defendant had desired a more specific description of the material, she could have obtained it by moving for a bill of particulars.

The information in *Mantilla* was sufficient once it was decided that the specification of the material was not neces-

sary. Said information charged the defendant with "having been caught while illegally, voluntarily, and maliciously, she had in her possession, inside her house, material *which she could use* and used in the illegal game of bolita."

Said information contains, then, the allegation that (1) the material could be used in the illegal game of bolita; and (2) the connection of said material with the practice of said game, since it was charged that she *used* the material in the bolita game.

In the case at bar the information does not allege that bolita material, which is not specified therein, could be used or utilized in the unlawful game of bolita and/or bolipool, and this is one of the integral elements of the offense defined in § 4 of the Bolita Act. As a question of constitutionality, the defendant shall enjoy the right to be informed of the nature and cause of the accusation,[4] and this provision undoubtedly implies that the information must contain all the integral elements of the offense charged. At least for the implementation of said constitutional rule the legislature prescribed the manner to dispose of an information which does not charge the commission of an offense, and certainly one of the manners is not that the defendant request the prosecuting attorney to inform him the elements of the offense sought to be charged against him.

For the reasons previously stated, I voted for the reversal of the judgment appealed from.

---

[4] Section 11 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

—O—

Mr. Justice Santana Becerra, with whom Mr. Justice Rigau concurs, dissenting.

San Juan, Puerto Rico, June 29, 1967

Appellants were charged that on different occasions, "they had in their possession and control material connected with the unlawful game of bolita and/or bolipool." The court decides by judgment that this information does not charge the commission of an offense because "it does not allege that said material may be utilized or used in the aforesaid unlawful game and that it was connected with the practice thereof," and reverses the judgments of conviction.

Section 4 of Act No. 220 of May 15, 1948, known as the Bolita Act, provides that:

"Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete,* ticket, notebook, list of numbers or letters, slips, or implements which can be used for the unlawful games of '*bolita*', '*bolipool*', combinations connected with the pools or *bancas* of the race tracks of Puerto Rico, and clandestine lotteries, and any person who *possesses, sells,* or in any way transports these or any other similar ones which may be utilized or used in said unlawful games or connected with the practice thereof shall be guilty of a public offense and *shall be immediately arrested,* . . . ."

The information in this case which alleged that appellants "had in their *possession* and control material connected with the unlawful game of bolita and/or bolipool" clearly charged them with a violation of the aforementioned § 4 which declares offense the *possession* of material connected with the clandestine games mentioned in said section. It is a familiar doctrine that an information which follows the language of the statute is sufficient. The only variation in this case was the substitution of the word "connected" for that of "related",

but both words suggest the same idea of relation or connection of the material possessed with the unlawful game.

As I anticipated in "footnote 2" of my dissenting opinion in the case of *People* v. *Soto Zaragoza,* 94 P.R.R. 332 (1967) in view of a remark which also appears in "footnote 6" of the majority opinion in said case, if it is charged that the material is *connected with or related to* the illegal game of bolita, by inevitable and logical inference, such material is susceptible of being utilized in said game. As I also stated in said "footnote 2" the mechanism prescribed in Rules 38 and 64 (p) of the Rules of Criminal Procedure takes care of the situation in which the possession of material charged in connection with the unlawful game is of material not susceptible of said game, by requiring the prosecuting attorney to present a bill of particulars. If the bill of particulars, which the Rules consider as an integral or complementary part of an information, reveals that the material possessed is susceptible of innocent use, the information is unquestionably dismissed under the provision of Rule 64 (p).[1]

In the case at bar it does not appear from the record that appellants had requested a bill of particulars of the information. The information, which as it was drafted, simply follows the language of the statute, charges appellants, in my opinion, with the violation of § 4 of the Bolita Act with such clarity and sufficiency as to satisfy any constitutional guarantee of the due process clause.

The majority judgment in this case cites our decision in *People* v. *Trinidad Fernández,* 93 P.R.R. 877 (1967). The *Trinidad Fernández* case relies on *People* v. *De Jesús,* 70

---

[1] Rule 64 provides: "The motion to dismiss the information or complaint or any count thereof, shall be based only on one or more of the following grounds:

.    .    .    .    .    .    .    .

"(p) That the facts stated in the *bill of particulars* show that the offense charged in the information or complaint was not committed or that it was not committed by the defendant. . . ." (Italics ours.)

P.R.R. 36 (1949), and in *People* v. *Mantilla,* 71 P.R.R. 35 (1950). A re-examination of these two cases leads me to the following conclusions:

In the *De Jesús* case there was no problem of sufficiency of allegations in the information to charge the offense. The constitutionality of § 4 of the Act having been challenged because it was vague and inaccurate as to the offense, we said in *De Jesús,* 70 P.R.R. 36, 39 (1949) :

"The appellant cites no authority to support the alleged unconstitutionality of the Act. However, he argues that this Section is unreasonable and that it affects the right to property and individual liberty. In support of his theory he says that under that Section any person who carries, transports or has in his possession any paper, notebook, ticket, etc., commits a crime inasmuch as those items may be utilized for the game of the *bolita;* that by merely writing a number of three figures on any piece of paper that is being carried, the law is violated; and that the offense is likewise committed by carrying a blank piece of paper as it may be utilized in the future for filling it with figures which are used for the game of the *bolita.* In other words the contention of the defendant seems to be that § 4 defines the offense vaguely and indefinitely and hence that it is unconstitutional.

"The Act in question, by its first Section, declares a public nuisance the games generally known as *bolita* or *bolipool.* The efforts to eradicate this social evil which causes so much harm especially among the lower class who as a general rule are mostly interested in this game, are well known. To achieve this end the Legislature has tried to attack the evil the best it could. It was not practical to use a language too specific. It would have been most difficult, if not impossible, for the Legislature to foresee all the ingenious combinations and devices to which the violators of the law would resort in order to get around it.

"The rule that criminal statutes must be strictly construed in favor of the accused, does not require that the words of an enactment be given their narrowest meaning or that the law-maker's intent be disregarded. To correctly construe an Act, the legislative intent should be sought, not in an isolated phrase or in one of its sections but in the contents of the whole statute

keeping in mind the legislative purpose. *Donnelley* v. *United States*, 276 U.S. 505 (1928) and *United States* v. *Giles,* 300 U.S. 41 (1937).

*"The interpretation suggested by the appellant* to the effect that the mere act of carrying a paper or a blank notebook constitutes a violation of § 4, is unreasonable. *No court would construe the statute in that way."* (Italics ours.)

The subsequent *Mantilla* case also involved an attack to the constitutionality of §4 for being so "vague and indefinite that it violates the due process clause of the Organic Act, 48 U.S.C. § 737." 71 P.R.R. 37. We said at page 39:

"The proposition that § 4 makes it criminal to possess innocent objects and is therefore unconstitutionally vague is not new. It was made in *People* v. *De Jesús,* 70 P.R.R. 36, where we disposed of it in the following language (pp. 40–41):

[Here we cite from the *De Jesús* case.]

"The defendant nevertheless contends that the *De Jesús* case was incorrectly decided and should be reversed. His position is that the language of § 4 is plain and unambiguous and that this Court cannot rewrite it under the guise of interpretation in order to save its constitutionality. To do so, he argues, would be for us to invade the prerogatives of the Legislature and to violate the doctrine of separation of powers.

"However, we do not agree that § 4 plainly provides on its face that mere possession of objects which are susceptible of innocent use constitutes a crime. As we pointed out in the *De Jesús* case, this may be the first impression which is gathered from a casual reading of § 4, isolated from the other provisions of Act No. 220. But we think the intention of the Legislature to convey a different meaning by this language becomes manifest when § 4 is examined carefully in the light of several guides to statutory construction."

As part of these rules of construction we stated that the conjunction "or" in § 4 may be read as "and" in a statute if that will effectuate the legislative intent. And we said (pp. 40 –41): "that if the charge of possession involves materials susceptible of innocent use, conviction cannot be had under

§ 4 *unless* the materials *are shown* to be connected with the actual operation of the bolita game." (Italics ours.) As may be seen, what we required in *Mantilla* was evidence, prior to a conviction, that the material possessed was connected with the *actual operation* of the unlawful game. In other words, that if the evidence only presented material susceptible of innocent use, conviction could not be had.

But the *Mantilla* case itself offers support to our view. Rebutting the argument that the information did not state sufficient facts to constitute an offense because the word "material" was too vague and it could conceivably include a suit, a shoe, or anything, it was said at p. 47:

". . . In view of the nature of the subject-matter, we hold that the *charge of possession of such material* was sufficiently definite, for purposes of stating an offense under § 4. The *Marini* case was decided under different facts and a different statute and is distinguishable. *If the defendant had desired a more specific description of the material, she could have obtained it by moving for a bill of particulars.* [citations] But she made no such motion." (Italics ours.)

A re-examination of the legal problem involved herein leads me to the conclusion that I erred in concurring with the judgment rendered in the *Trinidad* case. Since I have reached that conviction, I do not believe that I should be perpetually bound to the error. Had a reconsideration of the *Trinidad* case been requested, I might have possibly assumed the position I am assuming now.

For the reasons stated I dissent and I now believe that as a problem of allegations, the information charges a violation of § 4 of the Bolita Act, without prejudice to the right which appellants had and which any other defendant may have to require from the prosecuting attorney a bill of particulars of the materials allegedly possessed. If from the bill of particulars it appears that it is innocent material, the dismissal of the information lies. I repeat that under

an information which charges being in *possession* and control of material connected with the unlawful game of bolita, by the law of gravity, the charge that the material is susceptible of being used in the unlawful game, falls within said language.